Maggie A. Decker, Executrix of N. Burt, Appellant, v.
John W. Barnes.

*Contract—Construction of agreement.*

An agreement of sale, followed by a bond and mortgage, having been
made, in the execution of a power of sale, subject to the provisions of the
testator's will, in a dispute arising as to the payment of the interest on the
mortgage, the will, the agreement, the bond and mortgage must all be con-
sidered and construed together to reach the proper interpretation of the
agreement.


Argued April 19, 1897. Appeal, No. 37, April T., 1897, by
plaintiff, from judgment of C. P. Washington Co., Aug. T.,
1895, No. 64, on verdict for plaintiff for less than claim. Before
RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY
and SMITH, JJ. Affirmed.

Assumpsit. Before MCILVAINE, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $4.50. Plaintiff ap-
pealed.

*Errors assigned* among others were (5) In admitting the fol-
lowing offer under objection and exception: "Defendant offers
in evidence the will of Nathaniel Burt to show that this plain-
tiff is residuary legatee; to show that she has already received or
will receive all the interest that was due on this mortgage—that
she is seeking to recover money here a second time. Also the
deed of John Birch and Nathaniel Burt, executors, for the lot
of ground mentioned in the agreement marked 'Exhibit C,'
dated the 26th of January, 1891, recorded in deed book 163,
page 108. Also mortgage dated the 26th day of January, 1891,
recorded in mortgage book, No. 22, page 132, between John
W. Barnes and John Birch and Nathaniel Burt, executors of
Charity Burt, deceased, for $3,000, on the same lot of ground
mentioned in the article of agreement; and bond between the
same parties in the penal sum of $6,000, dated the 26th of Jan-
uary, 1891. The purpose is to show that this bond and mort-
gage were given for the purchase money of the lot of ground

mentioned in the article offered by the plaintiff and marked 'Exhibit C,' and to show the payment of the purchase money. Also the record of the mortgage in the recorder's office, show-. ing a satisfaction on the 1st day of June, 1894." (6) In.admitting the following offer under objection and exception: "Defendant also offers in evidence deed of T. F. Birch, guardian of Charles Burt Ross, for the interest in remainder, and in the lot of ground mentioned in the article, recorded March 2, 1891, in deed book, No. 175, page 613." (7) To a portion of the general charge, as follows : " This article of agreement on its face, then, taken as a whole, including what is signed by all three of the parties and what is signed alone by Mr. Barnes—because we take it that it must be construed as a whole—simply means that the real estate was sold so that it would net to the remainderman at N. Burt's death $3,000, and that he would get annually until his death, $180 plus $20.00." (8) To a portion of the general charge, as follows : " Under the language of the agreement we hold that the interest on the $3,000 was to be paid to N. Burt until his death, as well as the $20.00 bonus, which was an addition to the income from this money of that much more than six per cent—we hold that the income terminated with his death." (9) To a portion of the general charge as follows : " The true intent, we think, of the parties was to provide an annuity for Mr. Burt which would terminate at the same time as his right in the real estate would terminate, and that was at his death, and that the word 'advance' only had reference to the payment, and that the interest was to accumulate from day to day as in ordinary cases. In other words, if the agreement had provided expressly that the interest should be paid at the end of the year, and he had died when he did, the same rule would apply." (10) To a portion of the general charge, as follows: "So we charge you, therefore, gentlemen, that the interest on this article of agreement terminates at the date of N. Burt's death, April 7, 1894, and that his estate is entitled to recover only that proportionate part of the year's interest represented by the fractional part of the year counting from the 24th of January, 1894, and to April 7, 1894, and a similar proportionate part of the $20.00." (11) In not affirming plaintiff's first point, which point and answer are as follows : "1. If the jury find from the evidence that the signature of N. Burt was procured to the agreement in relation to

the real estate described therein, by the promise on the part of John W. Barnes to pay the first and every year's interest on the purchase money to N. Burt in advance until his death, also a bonus of $20.00 per annum to N. Burt only during his natural life, that would be a sufficient consideration for such promise on the part of the defendant, and would be for the advantage of N. Burt, plaintiff's testator, and all previous payments of interest and bonus having been paid, there was due and owing to N. Burt, plaintiff's testator, on the 24th of January, 1894, the whole of one year's interest in advance, and at his death a proportionate part of the bonus, from the anniversary of the date of the agreement to the date of his decease. *Answer :* That is refused, if the point means, as we understand it does, to give you binding instructions that the plaintiff can recover, in this proceeding, the whole year's interest."

*T. F. Birch*, for appellant.

*J. P. Miller*, for appellee.

OPINION BY WILLARD, J., July 23, 1897 :

Maggie A. Decker, executrix of the estate of Nathaniel Burt, deceased, brought an action in the court below against John W. Barnes to recover the sum of $200, alleged to be due decedent's estate.

Charity Burt, the wife of Nathaniel Burt, died before her husband, and by the terms of her last will she devised a certain house and lot of land to her husband for and during his natural life, and immediately after his death to their daughter, Cynthia R. Sibert. The daughter died before her father. Nathaniel Burt and John Birch were designated and appointed executors of the will of Charity Burt. By one of the provisions of the will the executors, with the assent of Nathaniel Burt and Cynthia R. Sibert, were authorized to sell and convey the property, purchase other property with the proceeds or invest the same for the benefit of Nathaniel Burt during his life ; in short, provision was made that Nathaniel Burt should have the use of the property or its proceeds during his life and no longer. Barnes desired to purchase the property and Burt assented to the sale and joined his co-executor in a deed of conveyance

therefor.   An article of agreement in writing was entered into between Burt and Birch, as executors, and Barnes, by the terms of which the executors agreed to sell the property to Barnes for the consideration of $3,000.   The agreement was dated January 24, 1891, and signed and sealed by the parties individually. One of the clauses of the agreement was, viz: " This agreement to be subject to the provisions of the will of Charity Burt, deceased, above mentioned, and the purchase money to be invested and the interest thereof to be applied in accordance therewith."   Attached to the agreement was also the following: " I, John W. Barnes, agree to pay the first and every years' interest on the above purchase money to Nathaniel Burt in advance until his death, also a bonus of $20.00 per annum to Nathaniel Burt only during his life."   This was signed by John W. Barnes.   Two days after the execution of the agreement the executors made and delivered a deed for the premises to Barnes. The deed recites the essential part of the will of Charity Burt. On the delivery of the deed to Barnes he executed and delivered his bond and mortgage to the executors in the penal sum of $6,000 to secure payment of the $3,000 purchase money and interest thereon.   The bond was payable in five years, with a proviso giving Barnes the right to pay the principal and interest at any time on thirty days' notice.   The first three instalments of interest and bonus were paid in advance ; the payment falling due January 24, 1894, was not paid in advance.   Nathaniel Burt died on April 7, 1894.   On June 1, 1894, Barnes, under the terms of the bond and mortgage, paid the principal and interest to that date to John Birch, the co-executor, and the mortgage was duly satisfied of record.

The executrix of Burt sued Barnes for the interest due from January 24, 1894  to January 24, 1895  and the bonus of $20.00. The learned trial judge in a careful charge disposed of the case correctly and nothing can be profitably added to the principles of law so clearly defined by him for the guidance of the jury in arriving at a correct verdict.   He held that the will of Charity Burt, the agreement and the bond and mortgage must be considered together, and when so considered and the agreement construed in connection with the other papers it was manifestly the intent of the parties that Nathaniel Burt should receive his bonus and the interest on the purchase money during his natural

life. It is true that had the interest for 1894 been paid in advance it would have been a good payment of one year's interest on the mortgage. It is also true that Nathaniel Burt, after the execution of the agreement, empowered the appellee at any time, on notice, to pay the entire principal and interest, and the payment to his co-executor, according to the proviso in the bond and mortgage, on the first day of June, 1894, was a good payment of the principal and all interest recoverable under a fair construction of all the papers. Upon the death of Nathaniel Burt the principal and interest from that date belonged to the son and heir of Cynthia R. Sibert, and by no reasonable construction of the agreement, in connection with the will of Charity Burt to which the agreement is subject by its terms, could the executrix of the life tenant be allowed one cent of the interest which belongs to the son and heir of Cynthia R. Sibert. The principal and interest were paid by Barnes to the coexecutor who had the right to receive it. The interest due the executrix of Burt's estate, from January 24, 1894 to the date of his death, his co-executor, Birch, now holds in trust for the estate and is willing to pay it over whenever requested. Judgment was properly entered for the just pro rata amount of the bonus. The seventh, eighth, ninth, tenth and eleventh assignments of error are overruled. There is no merit in the first, second, third and fourth assignments of error. The testimony offered and rejected not only anticipated the defense as ruled by the trial judge, but in the absence of allegations of fraud or mistake it was incompetent to vary or change the terms of the agreement declared upon and put in evidence by the plaintiff.

The will of Nathaniel Burt, the deed of Nathaniel Burt and John Birch to Barnes, the mortgage given by Barnes to secure the payment of the purchase money, the record showing the satisfaction of the mortgage, and the deed of J. F. Birch were all properly admitted in evidence. Most of the papers offered were in explanation of the one transaction, and tended to prove that the life estate bequeathed and devised to Nathaniel Burt for and during his life was received and enjoyed by him to the time of his death according to the terms of the will of his wife, and that the small portion of interest not thus received is lawfully in the hands of John Birch who now holds it for the appellant.

The fifth and sixth specifications of error are overruled and the judgment affirmed.